FILED
2005 Jul-05  AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HENRY JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-cv-1326-LSC-PWG |
| ) | |
| CITY OF GREENSBORO, AL, et. al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF OPINION**

Henry Joiner, an inmate at the Hale County Jail, has filed a *pro se* civil action pursuant to 42 U.S.C. § 1983 in which he complains that the City of Greensboro, Alabama, and Hale County jail officials have subjected him to false imprisonment and false arrest. He demands monetary damages for relief. Since plaintiff's complaint involves civil rights claims, venue is not proper in the Northern District of Alabama. Proper venue for the civil rights action mentioned is governed by 28 U.S.C. §1391(b), the general venue statute applicable to federal district courts, which reads:

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff is housed at Hale County Jail in Greensboro, Alabama. Further, all defendants are located in Hale County, Alabama. All material actions giving rise to the

complaint occurred in Hale County, Alabama. Hale County is within the purview of the United States District Court for the Southern District of Alabama. Therefore, because all defendants are located in the Southern District, and the material incidents giving rise to the plaintiff's complaint occurred in that district, only the United States District Court for the Southern District of Alabama provides the proper venue for the plaintiff's civil rights action. 28 U.S.C. §1391(b).

For the above reasons, transfer of the plaintiff's civil rights action to the Southern District of Alabama would result in a more convenient and efficient resolution of the issues presented by the plaintiff. 28 U.S.C. §1404(a). Therefore, this action is due to be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. §1404(a).[1]

An appropriate Order shall be entered.

The Clerk is DIRECTED to serve a copy of this Memorandum of Opinion on the plaintiff.

---

[1] Plaintiff filed an incomplete application to proceed *in forma pauperis* along with his complaint. However, in light of the April 1996 revisions to 28 U.S.C. §1915 and under the circumstances of this case, this court makes no determination with respect to said application. The assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

Done this 5th day of July 2005.

                                                  */s/ L. Scott Coogler*
                                                  L. SCOTT COOGLER
                                       UNITED STATES DISTRICT JUDGE
                                                         130122